# In the United States Court of Federal Claims

No. 02-466 C

(Filed: January 9, 2004)

| | |
|---|---|
| ************************************* | |
| | * |
| **SUNOCO, INC. AND PUERTO RICO SUN OIL COMPANY,** | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ************************************* | |

**ORDER OF PROTECTION**

Pursuant to RCFC 26(c), and upon the joint motion of Plaintiffs Sunoco, Inc. and Puerto Rico Sun Oil Company ("Sunoco") and the United States, this Court hereby finds that there is good cause for the entry of this Order, and hereby ORDERS:

1. Sunoco, the United States, and any third party that objects to making discovery except pursuant to a Protective Order shall have the right to designate as confidential any document (as that term is defined in the Rules of the Court of Federal Claims) or other tangible items relevant to this litigation, including without limitation answers to interrogatories, responses to requests for admission, and any portion of deposition testimony or other testimony by any witness (collectively, "confidential material"), which contains or discloses (a) such party's or such person's confidential business information, trade secrets, or sensitive proprietary commercial, financial or research information which has not been released into the public domain, or (b) information the confidentiality of which the party making discovery is under a legal duty to protect.

2. Any document or other tangible item which a party or a third party claims is confidential and subject to the terms of this Order must be designated as such by conspicuously stamping the word "CONFIDENTIAL" on each page, or, in the case of deposition transcripts, by designating the transcript (or portions thereof) confidential on the record or by a letter to all counsel of record within 15 days of receiving the transcript.

3. The parties shall treat a deposition transcript as confidential until the 15-day period lapses, and thereafter shall treat the transcript in accordance with the provisions of this Protective Order.

4. Materials marked "CONFIDENTIAL" shall be used solely for the purposes of this litigation and not for any other business, personal, or other purpose whatsoever. Materials marked "CONFIDENTIAL" shall be disclosed only to the following individuals, in accordance with the terms of this paragraph, unless this Protective Order is modified by further Order of the Court: (a) the Judge assigned to this case and other court personnel, including court reporters assigned to take testimony at any deposition, hearing or trial in this case; (b) counsel of record for Sunoco and the United States, the attorneys at the Defense Energy Support Center ("DESC") assigned to work on the case, in-house counsel for Sunoco, and other attorneys, paralegals, secretaries, or other clerical personnel assisting any of the foregoing individuals in the prosecution or defense of this case; (c) designated employees of the parties assisting with the prosecution or defense of this case; (d) any experts or consultants engaged by the parties or their counsel to assist in the prosecution or defense of this case, and clerical personnel assigned to assist such experts or consultants; (e) any person who was involved in the preparation of the document or information or who received a copy thereof; (f) a deponent solely for purposes of the deposition; and (g) any other person whom the Court may later deem to be entitled to view such confidential material.

5. It shall be the responsibility of counsel to bring this Protective Order to the attention of all persons identified in paragraph 4 above, to whom they disclose confidential material, and to advise such persons that they are bound by the terms of this Protective Order. Persons to whom confidential material are made available shall agree to be bound by the restrictions in this Protective Order and (other than the Court, Court personnel, and court reporters) shall execute an agreement in the form of the confidentiality agreement attached hereto as Exhibit "A."

6. If an objection to a designation of material as confidential is made, counsel for the objecting party shall set forth the objection in writing to counsel for the designating party and, thereafter, such counsel and designating party shall meet and confer as soon as practicable in a good faith effort to resolve the dispute. In the absence of resolution, the objecting party may, as soon as practicable after the meeting and conference, file a motion to remove the confidential designation. Pending resolution of the motion, the material in controversy shall be treated as if it bears the confidential classification sought by the designating party, except as required by the Court and agreed upon in writing by the parties. This paragraph in no way changes the burden of proof on the parties under existing case law with respect to the confidentiality of documents.

7. No document (including motions, briefs, depositions and exhibits) containing confidential material shall be filed with the Court unless filed separately under seal in an envelope with a legend on the envelope and documents substantial as follows:

> This envelope/document contains confidential information. Disclosure or use of such information is restricted. This document is filed under seal. Such documents shall be filed under seal and maintained under seal by the Court. Counsel of record who receive protected

documents and information are responsible for abiding by the terms of the applicable protective order.

8. Within 60 calendar days after the conclusion of this litigation, all material designated as confidential and all copies thereof shall be returned to the producing party, along with a certification by the returning party that all copies (except those submitted to the Court) have been returned. Each party shall be entitled to retain one copy of any confidential material contained in pleadings (and attachments thereto), trial exhibits and transcripts.

9. Nothing in this order shall be construed to preclude or limit any party from opposing any discovery or claiming any privilege on any ground that would otherwise be available, nor shall production of any documents or information pursuant to this order be referred to or construed as an admission that the documents or information so produced are relevant or admissible into evidence in this case.

10. Nothing in this Order shall restrict a party from making use of confidential material produced by that party.

11. In the event any confidential material is used in any court proceeding, it shall not lose its protected status through such use. The parties shall take all steps reasonably required to protect confidential material during such use, but the parties acknowledge that the use of such material during the trial of this case shall be governed by such procedures as the Court shall order.

12. The limitations on disclosure contained in this Protective Order shall continue to apply to such retained materials. Confidential material retained by this court will be deemed to lose its confidential status after a period of five years has elapsed from issuance of final judgment in this case, unless the party owning the confidential document objects within 14 days of this order.

s/Chief Judge Edward J. Damich

**EXHIBIT A**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SUNOCO, INC., and<br>PUERTO RICO SUN OIL COMPANY,<br>Plaintiffs, | ) | |
| v. | ) | No. 02-466C<br>(Chief Judge Damich) |
| THE UNITED STATES,<br>Defendant. | ) | |

DECLARATION OF ______________________

STATE OF _________________ )
)
COUNTY OF _______________ )

1. My name is ___________________________________.

2. My present employer is _____________________________________________

_______________________________________________________________________________.

3. My present occupation or job description is ______________________________

_______________________________________________________________________________.

4. I have received a copy of the Protective Order issued in connection with the above-captioned matter.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold all confidential documents and information and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such documents or information to anyone not specifically entitled to access under the Protective Order, and will use the documents and information solely of purposes of this litigation, except as provided by the Protective Order.

8. At the conclusion of this litigation, I will return all originals of all protected documents and information and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

______________________________

DATED: __________________________